BRIAN S. INAMINE (State Bar No. 117893)
  Brian.Inamine@leclairryan.com
VICKIE V. GRASU (State Bar No. 224278)
  vickie.grasu@leclairryan.com
LeClairRyan, LLP
725 South Figueroa Street, Suite 350
Los Angeles, CA  90017-5455
Telephone:  (213) 488-0503
Telefax:  (213) 624-3755

Attorneys for Defendants
BURNT ENDS, LLC, RODERICK C. FLINT AND
JOSHUA M. FINE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. BOWMAN and D. MOUSSEAU, individually, and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>BURNT ENDS, LLC, a California Limited Liability Company; RODERICK C. FLINT, an individual; JOSHUA M. FINE, an individual; and DOE 1 through and including DOE 10,<br><br>Defendants. | Case No: 2:17-cv-05782-RGK-SS<br><br>*Assigned to Hon. R. Gary Klausner and Magistrate Judge Suzanne H. Segal*<br><br>**DEFENDANTS RODERICK C. FLINT AND JOSHUA M. FINE NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12B6; MEMORANDUM OF POINTS AND AUTHORITIS IN SUPPORT**<br><br>Date:     January 22, 2018<br>Time:    9:00 a.m.<br>Judge:   Honorable R. Gary Klausner<br>Ctrm:    850<br><br>Complaint Filed:  August 4, 2017 |

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 22, 2018 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 850 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, 90012, Defendants RODERICK C. FLINT and JOSHUA M. FINE (collectively "Individual Defendants"), and each of them separately, will, and hereby do, move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal as to:

1

**DEFENDANTS RODERICK C. FLINT AND JOSHUA M. FINE NOTICE OF MOTION AND MOTION TO DISMISS**

(1) Plaintiffs' First and Second Causes of Action for waiting time penalties under California Labor Code Sections 203 and 203.1, Third Cause of Action for unpaid overtime and wages under Labor Code Section 510 and Section 1194 and Fourth Cause of Action for failure to provide accurate wage statements under Labor Code Section 226(a) because Plaintiffs have not alleged sufficient facts to state a claims that they were employees of Individual Defendants.  Furthermore, there is no individual liability for the alleged wage and hour violations.  In addition, Labor Code Section 558.1 does not confer a private right of action.

(2) Plaintiffs' Seventh Causes of Action because Plaintiffs have not sufficiently pled individual liability for violation of the FLSA.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on October 24, 2017. Plaintiffs' counsel was not willing to dismiss the Individual Defendants from this action.  In fact, without any further communication with Defendants' counsel and absent any agreement, Plaintiffs unilaterally filed a First Amended Complaint on October 25, 2017 adding additional allegations in paragraph 7 against Individual Defendants Flint and Fine.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Plaintiffs' operative Second Amended Complaint, the concurrently filed proposed order, any matter that is judicially noticeable, all of the pleadings and papers on file in this action, and the arguments of the parties at the hearing on this Motion.


DATED:  November 28, 2017          **LeClairRyan, LLP**


By: _____

Brian S. Inamine
Vickie V. Grasu
Attorneys for Defendants
BURNT ENDS, LLC, RODERICK C.
FLINT AND JOSHUA M. FINE

2

**DEFENDANTS RODERICK C. FLINT AND JOSHUA M. FINE NOTICE OF MOTION AND MOTION TO DISMISS**

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION …………………………………………………….3

II.   FACTUAL BACKGROUND …………………………………………3

III.  LEGAL ARGUMENT ……………………………………………...5

    A. Legal Standard ……………………………………………………..5

    B.  Plaintiffs Fail to Sufficiently Plead Facts to Establish An Employment
        Relationship ………………………………………………………..5

    C.  Plaintiffs Fail to Sufficiently Plead Facts In Support of the Hourly and
        Overtime Wage Claim …………………………………………..7

    D. There Is No Individual Liability For The Alleged Wage And Hour
        Violations ………………………………………………………..8

            1.  Individual Defendants Cannot Be Liable for Waiting Time
               Penalties ……………………………………………..8

            2.  Individual Defendants Cannot Be Liable For Unpaid Overtime
               And Minimum Wages …………………………………9

            3.  Individual Defendants Cannot Be Liable for Failure to Provide
               Accurate Wage Statements ……………………………....11

    E.  Labor Code Section 558.1 Does Not Confer A Private Right …………11

    F.  Plaintiffs Fail To Sufficiently Plead Individual Liability Under the
        FLSA ……………………………………………………………14

    G. Leave to Amend …………………………………………………...16

IV.  CONCLUSION …………………………………………………….16

i

# TABLE OF AUTHORITIES

**Cases**

**Page(s)**

*Ashcroft v. Iqbal*
 129 S. Ct. 1937, 1949 (2009) …………………………………………..5

*Bell Atlantic Corp. v. Twombly*
 550 U.S. 544, 555 (2007) …………………………………………………5

*Bonnette v. California Health & Welfare Agency*
 704 F.2d 1465, 1470 (9th Cir. 1983) ……………………………………14

*Carter v. Rasier-CA, LLC*
 2017 WL 4098858 (N.D. Cal. 9th Cir. 2017) ………………………………..7

*Carranza v. South San Francisco Tire Service, Inc.*
 2017 WL 1036098 (March 8, 2017) ……………………………………13

*Cordell v. PICC Lines Plus LLC*
 2016 WL 4702654, at *8-9 (N.D. Cal. Sept. 8, 2016) ……………………..14

*Creutz v. Superior Court*
 49 Cal.App.4th 822, 829 (1996) ………………………………………….9

*Crusader Ins. Co. v. Scottsdale Ins. Co.*
 54 Cal.App.4th 121, 131, 135 (1997) …………………………………12, 13

*Doe I v. Wal–Mart Stores, Inc.*
 572 F.3d 677, 682 (9th Cir. 2009) …………………………………………..6

*Eminence Capital, LLC v. Aspeon, Inc.*
 316 F.3d 1048, 1051 (9th Cir. 2003) ……………………………………16

*Estrada v. FedEx Ground Package Sys., Inc.*
 154 Cal. App. 4th 1, 10 (2007) …………………………………………..6

*Hernandez v. Hillsboro Enterprises, Inc.*
 2013 WL 5427996, at *6 (D. Nev. Sept. 26, 2013) ………………………..16

ii

**DEFENDANTS RODERICK C. FLINT AND JOSHUA M. FINE NOTICE
OF MOTION AND MOTION TO DISMISS**

*Lambert v. Ackerley*
        180 F.3d 997, 1001-02, 1012 (9th Cir. 1999) ……………………………..14

*Landers v. Quality Commc'ns, Inc.*
        771 F.3d 638, 646 (9th Cir. 2014) ……………………………………7, 8

*Lopez v. G.A.T. Airline Ground Support, Inc.*
        Case No. 09-CV-2268-IEG (BGS), 2010 U.S. Dist. LEXIS 73029, at * 29
        (S.D. Cal. July 19, 2010) …………………………………………..15

*Martinez v. Combs*
        49 Cal. 4th 35, 66 (2010) ……………………………………………8

*MGIC Indem. Corp. v. Weisman*
        803 F.2d 500, 504 (9th Cir. 1986) …………………………………..5

*Moradi-Shalal v. Fireman's Fund Ins. Companies*
        46 Cal.3d 287, 305 (1988) ……………………………………12, 13

*Nat'l Council of La Raza v. Cegavske*
        800 F.3d 1032, 1041–42 (9th Cir. 2015) …………………………..16

*Owens v. Kaiser Found Health Plan, Inc.*
        244 F.3d 708, 712 (9th Cir. 2001) ………………………………16

*Peter Chen v. Saint Jude Medical, LLC*
        No. 17-CV-00143, 2017 WL 1289822, *3 (C.D. Cal. Apr. 5, 2017) ……..14

*Real v. Driscoll Strawberry Assocs., Inc.*
        603 F.2d 748, 754 (9th Cir. 1979) …………………………………..5

*Reynolds v. Bement*
        36 Cal. 4th 1075, 1087 (2005) ……………………………………8

*Ross v. Morgan Stanley Smith Barney*, LLC
        2013 WL 865598, at *102, 5 (C.D. Cal. March 7, 2013) …………………14

*Ruiz v. Paladin Group, Inc.*
        2003 WL 22992077 at *3, (C.D. Cal., Sept. 29, 2003) ……………………13

**DEFENDANTS RODERICK C. FLINT AND JOSHUA M. FINE NOTICE
OF MOTION AND MOTION TO DISMISS**

*Serv. Employees Int'l Union v. County of L.A.*
  225 Cal. App. 3d 761, 769 (1990) ……………………………………….6

*Tracy v. NVR, Inc.*
  667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) ………………………….15

*United States v. Ritchie*
  342 F.3d 903, 909 (9th Cir. 2003)……………………………………...5

*Vikco Ins. Services, Inc. v. Ohio Indemnity Co.*
  70 Cal.App.4th 55, 62 (1999) ………………………………………...12

## <u>Statutes</u>

Cal. Bus. & Prof. Code ¶ 17200 ……………………………………….4

Cal. Lab. Code §§ 201 ………………………………………………...9

Cal. Lab. Code § 201.5 ………………………………………………..8

Cal. Lab Code § 203 …………………………………………………..9

Cal. Lab Code § 226(a) and (b) ……………………………………….11

Cal. Lab. Code § 510 …………………………………………………7, 9

Cal. Lab. Code § 553 …………………………………………………10

Cal. Lab. Code § 558 …………………………………………………10

Cal. Lab. Code § 558.1 ……………………………………………….11

Cal. Lab. Code § 1194(a) ……………………………………………..5

Cal. Lab. Code § 1197 ………………………………………………..7

California Labor Code section 2698 …………………………………..4

Fair Labor Standards Act, 29 U.S.C. Sec. 201 ……………………….3, 4

Fed. R. Civ. P. 12(b)(6) ………………………………………………5

Fed. R. Evid. 201(b)(2) ……………………………………………….5

California Labor Code and Wage Order 12 ……………………………6

Health & Saf. Code, § 1285 …………………………………………..12

**DEFENDANTS RODERICK C. FLINT AND JOSHUA M. FINE NOTICE
OF MOTION AND MOTION TO DISMISS**

## I.     INTRODUCTION

Plaintiffs, Ronald Bowman and Derek Mousseau ("Plaintiffs") bring this action against Burnt Ends, LLC ("Burnt Ends") and individual defendants, Roderick C. Flint ("Flint") and Joshua Fine ("Fine") (Flint and Fine are hereafter referred to as "Individual Defendants") asserting state-law and federal law claims under the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et. seq. (FLSA) for unpaid overtime and unpaid wages and penalties.

First, Plaintiffs fail to assert sufficient allegations in support of an employment relationship between Plaintiffs and Individual Defendants and, therefore, could not avail themselves of the benefits and protections of California Labor Code.

Second, Plaintiffs' state law claims for unpaid overtime wages and unpaid wages, waiting time penalties and penalties for failure to provide accurate wage statements against the Individual Defendants fail because California does not recognize individual liability for wage and hour violations.

Finally, Plaintiffs have not properly pled individual liability for violation of the FLSA.  Plaintiffs have failed to allege sufficient facts to show that the Individual Defendants were responsible for, and directly caused, the alleged violations.

Accordingly, individual liability is not available under these claims, and so the Individual Defendants must be dismissed from this action.

## II. FACTUAL BACKGROUND

On August 4, 2017, Plaintiffs filed their Complaint in this action. (See, Dkt. 1.) Plaintiffs seek to recover unpaid overtime wages and unpaid wages, penalties, and restitution from Defendant, Burnt Ends. Plaintiffs also allege that they are entitled to unpaid overtime wages and unpaid wages and penalties from two individual Defendants, Flint and Fine.

On October 24, 2017, Plaintiffs' counsel and Defendants' counsel conferred

**DEFENDANTS RODERICK C. FLINT AND JOSHUA M. FINE NOTICE OF MOTION AND MOTION TO DISMISS**

regarding the claims against the Individual Defendants. Plaintiffs' counsel was not willing to dismiss the individual defendants from this action.  See Declaration of Vickie V. Grasu ("Grasu Decl.").  In fact, Plaintiffs unilaterally filed a First Amended Complaint ("FAC") on October 25, 2017 adding additional allegations against Defendants Flint and Fine in paragraph 7, amending the First Cause of Action to include individual defendant Fine, amending the Fourth Cause of Action to add both individual Defendants, and adding the Fifth Cause of action arising under the Labor Code Private Attorney Generals Act, California Labor Code section 2698, et seq. ("PAGA"). (See, Dkt. 14.)

Subsequently, Plaintiffs' counsel and Defendants' counsel conferred and stipulated to the filing of a Second Amended Complaint ("SAC") to correct typographical errors in the FAC and to reflect that Plaintiff Bowman received payment.  (See, Dkt. 16.) Plaintiff filed the operative SAC on November 9, 2017 asserting claims for: (1) waiting time penalties pursuant to Labor Code ¶ 203; (2) waiting time penalties pursuant to California Labor Code ¶ 203.1; (3) unpaid overtime wages and unpaid minimum wages pursuant to California Labor Code ¶¶ 510 and 1194; (4) failure to provide accurate wage statements pursuant to California Labor Code ¶ 226(a); (5) civil penalties pursuant to PAGA; (6) restitution pursuant to Cal. Bus. & Prof. Code ¶ 17200 et seq. and (7) unpaid overtime pursuant to Fair Labor Standards Act, 29 U.S.C. ¶ 201 *et seq.*

Plaintiffs allege that Defendant Burnt Ends employed Plaintiffs as police officers for the motion picture production of "Burning at Both Ends" ("Production").  (SAC ¶4.) Plaintiffs state generally that defendants Flint and Fine were individuals "with responsibility for the Production on which Plaintiffs provided services" (SAC ¶¶5 and 6) and were "employers or other persons acting on behalf of an employer." (SAC ¶7.)  Plaintiff allege that Defendant Fine was a producer on the Production.  (SAC ¶6.)  Plaintiffs claim that Defendants failed to compensate them for all work on the Production.  (SAC ¶ 11-14.)

**DEFENDANTS RODERICK C. FLINT AND JOSHUA M. FINE NOTICE OF MOTION AND MOTION TO DISMISS**

## III. LEGAL ARGUMENT

### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Factual allegations must be enough to rise above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). A court may consider not only the allegations pled in the complaint, but also certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003); see also *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); Fed. R. Evid. 201(b)(2).

### B. Plaintiffs Fail to Sufficiently Plead Facts to Establish An Employment Relationship.

As a threshold issue, Plaintiffs must be employees to assert violations. See, e.g., 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation.") (emphasis added); Cal. Lab. Code § 1194(a) ("[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation.") (emphasis added).

Courts apply the "economic reality" test to determine whether an individual is an employee or an individual contractor under the FLSA. *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979) ("[E]mployees are

5

those who as a matter of economic reality are dependent upon the business to which they render service."). This requires an evaluation of the totality of the circumstances, but relevant factors include: "(1) the degree of the alleged employer's right to control the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered requires a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business." *Id.* at 754–55.

Courts apply a similar test to determine whether an individual is an employee under California law. See *Estrada v. FedEx Ground Package Sys., Inc.*, 154 Cal. App. 4th 1, 10 (2007). The "key factor" is analyzing whether the alleged employer has " 'the right to control and direct the activities of the person rendering service, or the manner and method in which the work is performed.' " *Doe I v. Wal–Mart Stores, Inc.*, 572 F.3d 677, 682 (9th Cir. 2009) (quoting *Serv. Employees Int'l Union v. County of L.A.,* 225 Cal. App. 3d 761, 769 (1990)). "The parties' label is not dispositive and will be ignored if their actual conduct establishes a different relationship." *Estrada*, 154 Cal. App. 4th at 10–11.

Here, Plaintiffs assert that both "Flint and Fine were employers or other persons acting on behalf of an employer, who violated, or caused to be violated various provisions of the California Labor Code and Wage Order 12 …." SAC ¶ 7, but offer minimal factual allegations to support this conclusion. Plaintiffs state that each supplied one or more crewmembers with credit and/or debit cards to make purchases for use in connection with the Production. In addition, Plaintiffs state that both Fine and Flint were present almost daily on the set and participated in the day to day activities of a producer, including overseeing the Production. See SAC ¶7. These allegations are insufficient, even at the motion to dismiss stage. Plaintiffs

6

**DEFENDANTS RODERICK C. FLINT AND JOSHUA M. FINE NOTICE OF MOTION AND MOTION TO DISMISS**

present no allegations of Individual Defendants' control over Plaintiffs' day-to-day work[1]. Plaintiffs must allege more factual detail about individual Defendants' control and direction of Plaintiffs' services to make the existence of an employment relationship plausible and not merely possible. See *Carter v. Rasier-CA, LLC*, 2017 WL 4098858 (N.D. Cal. 9th Cir. 2017) (granting motion to dismiss for failure to allege sufficient allegations to assert an employment relationship.)

### C. Plaintiffs Fail to Sufficiently Plead Facts In Support of the Hourly and Overtime Wage Claim.

To state a claim for unpaid minimum wage and unpaid overtime compensation, Plaintiffs must also assert sufficient factual allegations about the hours they worked and their related compensation. Under both the FLSA and California law, an employer must pay employees the minimum wage for all hours worked. See 29 U.S.C. § 206; see also Cal. Lab. Code § 1197; Cal. Code Regs. tit. 8, § 11090. In addition, employers must pay overtime pay—one and one-half times the regular rate of pay—for any work in excess of eight hours in one workday and forty hours in any workweek. See 29 U.S.C. 207(a)(1); see also Cal. Lab. Code § 510.

In support of their claims, Plaintiffs allege in conclusory fashion that Defendants "failed to fully compensate Plaintiffs .... for work performed on the Production," SAC ¶ 13; and "Plaintiffs worked overtime on the filming of the Burning at Both Ends, toiling in excess of eight hours in a single day." *Id*. Plaintiffs allegations fail to specify their hours worked, related hourly rate of pay and regular rate/overtime pay calculation.  See *Landers v. Quality Commc'ns, Inc*., 771 F.3d 638, 646 (9th Cir. 2014) (holding that plaintiff failed to state a claim because her complaint did not provide "any detail regarding a given workweek when [the plaintiff] worked in excess of forty hours and was not paid overtime for that given

---

[1] Plaintiffs provided services as a police officer on the Production for two days in May 2017. The SAC contains no allegations of how Defendants Flint and Fine specifically asserted control over the services that Plaintiffs provided.

**DEFENDANTS RODERICK C. FLINT AND JOSHUA M. FINE NOTICE OF MOTION AND MOTION TO DISMISS**

workweek and/or was not paid minimum wages"). Plaintiffs need not allege his hourly pay or the amount of overtime compensation with "mathematical precision," *Landers,* 771 F.3d at 646, but they do need to allege sufficient facts for the Court to find their claims plausible. Therefore, Plaintiffs' FLSA and California Labor Code claims for minimum wage and overtime compensation should be dismissed.

## D. There Is No Individual Liability For The Alleged Wage And Hour Violations.

"Under the common law, corporate agents acting within the scope of their agency are not personally liable for the corporate employer's failure to pay its employees' wages." *Reynolds v. Bement*, 36 Cal. 4th 1075, 1087 (2005). In *Reynolds*, the California Supreme Court held that common law, rather than the Wage Orders, governs who may be held liable for wage and hour violations. *Id.* 1087-88 ("Had the Legislature meant in [Labor Code] section 1194 to expose to personal civil liability any corporate agent who 'exercises control' over an employee's wages, hours or working conditions, it would have manifested its intent more clearly than by mere silence after the IWC's promulgation of Wage Order No. 9."); see also *Martinez v. Combs*, 49 Cal. 4th 35, 66 (2010) ("The opinion in *Reynolds* ... properly holds that the IWC's definition of 'employer' does not impose liability on individual corporate agents acting within the scope of their agency.").

Here, Plaintiffs claim that Wage Order 12 of the Industrial Welfare Commission (Motion Picture Industry) applies to Plaintiffs' claims. Wage Order 12[2] contains the same definition for employer as Wage Order 9 in *Reynolds*.

## 1. Individual Defendants Cannot Be Liable for Waiting Time Penalties.

In their First and Second Causes of Action, Plaintiffs allege that the Individual Defendants are liable for violations of Cal. Lab. Code § 201.5 which

---

[2] Wage Order 12 defines employer as "any person as defined in Section 18 of the Labor Code, who directly or indirectly, or through an agent or any other person, employes or exercises control over the wages, hours, or working conditions of any person.

8

result in liability for "waiting time penalties" under Cal. Lab. Code §§ 203 and 203.1. (SAC ¶¶ 26-35). Cal. Lab. Code § 201 states, in relevant part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." (Emphasis added.) Cal. Lab Code § 203 provides in pertinent part:

> If an <u>employer</u> willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

Notably absent from each of Cal. Lab. Code §§ 201 and 203 is any statement that persons, agents, managers, superintendents, or officers may be liable for violations. Thus, since this statute does not explicitly provide for liability against individuals, the Individual Defendants cannot be liable to Plaintiffs.

## 2. Individual Defendants Cannot Be Liable For Unpaid Overtime And Minimum Wages.

Plaintiffs' Third Cause of Action alleges that all defendants have willfully failed to pay Plaintiffs accrued minimum wages and overtime pay under Cal. Lab. Code § 510 (SAC ¶¶ 37-38). Where the Legislature has specifically enumerated parties who are liable for statutory violations, and excluded others, effect must be given to that distinction. See *Creutz v. Superior Court*, 49 Cal.App.4th 822, 829 (1996). In keeping with this principle, the wage and hour provisions of the Labor Code do not allow for a private cause of action against individual officers and directors for damages or restitution. Instead, California law draws a distinction between "employers" on the one hand, and "persons" on the other, making employers liable for unpaid wages, while agents of an employer are only liable for misdemeanor penalties and civil fines.

9

**DEFENDANTS RODERICK C. FLINT AND JOSHUA M. FINE NOTICE OF MOTION AND MOTION TO DISMISS**

For example, Section 510 of the Labor Code requires an "employer" to calculate and pay overtime. However, only misdemeanor penalties and civil fines may be levied against "persons" who violate the overtime provisions. See, Cal. Lab. Code § 553 (any "person" who violates the overtime provisions is guilty of a misdemeanor); see also. Cal. Lab. Code § 558 (civil penalties may be assessed against "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated" the overtime requirements). Significantly, section 1194(a) of the Labor Code specifically authorizes an employee to bring a civil action for unpaid minimum wages and overtime wages. However, this statute does not specifically include persons, agents, managers, superintendents, or officers as parties who may be liable. Clearly, if the legislature intended for such persons to be liable, such intent would have been evidenced in the statute. The fact that the legislature did not intend for such individuals to be subjected to civil suits under this provision is further evidenced by Section 1194.2(a) which states that in "any action" under Section 1194 to recover unpaid minimum wages, an employee is also permitted to recover liquidated damages in an amount equal to the wages unlawfully unpaid plus interest. However, Section 1194.2(b) provides that if the "employer" demonstrates that it acted in good faith in failing to pay the minimum wage, the court may refuse to award liquidated damages. Thus, if the legislature intended that individuals would be liable for unpaid minimum wages and overtime under Section 1194(a), Section 1194.2(b) would have certainly specified that any "person" could also show that he/she acted in good faith in order to avoid liquidated damages.

Thus, the Labor Code provisions provide evidence of the legislature's intent to impose the primary obligation for compliance with wage and hour laws on employers only. Accordingly, the Third Cause of Action should be dismissed as against the individual Defendants without leave to amend.

///

**DEFENDANTS RODERICK C. FLINT AND JOSHUA M. FINE NOTICE OF MOTION AND MOTION TO DISMISS**

### 3.      Individual Defendants Cannot Be Liable for Failure to Provide Accurate Wage Statements.

In their Fourth Cause of Action, Plaintiffs seek to recover penalties for failure to furnish Plaintiffs with accurate wage statements. By the express terms of Cal. Lab. Code § 226(a) and (b), this provision applies only to "employers." There is no provision in Section 226 that imposes or allows for individual liability.

Based on the above, because neither Fine nor Flint can be held individually liable for failure to provide accurate wage statements, the Fourth Cause of Action should be dismissed without leave to amend.

### E. Labor Code Section 558.1 Does Not Confer A Private Right.

During the meet and confer process which the parties engaged in before the motion to dismiss was filed, Plaintiffs argued that Cal. Lab. Code § 558.1 provided a basis to impose personal liability on Individual Defendants for the wages of Plaintiffs' employer. Cal. Lab. Code § 558.1, which is a new statute as of January 1, 2016, provides that:

> "(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.
>
> (b)      For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.
>
> (c)      <u>Nothing in this section shall be construed to limit the definition of employer under existing law</u>."

Cal. Lab. Code § 558.1 (emphasis added).

This statute, however, does not give the Plaintiffs a private right to sue

11

Individual Defendants in court. Indeed, a violation of a state statute does not necessarily give rise to a private cause of action. *Vikco Ins. Services, Inc. v. Ohio Indemnity Co.*, 70 Cal.App.4th 55, 62 (1999). Instead, whether a party has a right to sue depends on whether the Legislature has "manifested an intent to create such a private cause of action" under the statute. *Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal.3d 287, 305 (1988) [no legislative intent that Ins. Code, § § 790.03 and 790.09 create private cause of action against insurer for bad faith refusal to settle claim]; *Crusader Ins. Co. v. Scottsdale Ins. Co.*, 54 Cal.App.4 th 121, 131, 135 (1997) [no legislative intent that Ins. Code, § 1763 gave admitted insurers private right to sue surplus line brokers]. Such legislative intent, if any, is revealed through the language of the statute and its legislative history. See *Moradi-Shalal,* supra, 46 Cal.3d at pp. 294-295.

Moreover, a statute would contain "clear, understandable, unmistakable terms," which strongly and directly indicate that the Legislature intended to create a private cause of action. *Moradi-Shalal*, supra, 46 Cal.3d at p. 295. For instance, the statute may expressly state that a person has or is liable for a cause of action for a particular violation. See, e.g., Civ. Code, § 51.9 ["A person is liable in a cause of action for sexual harassment" when a plaintiff proves certain elements]; Health & Saf. Code, § 1285, subd. (c) ["Any person who is detained in a health facility solely for the nonpayment of a bill has a cause of action against the health facility for the detention...."].) Or, more commonly, a statute may refer to a remedy or means of enforcing its substantive provisions, i.e., by way of an action. See, e.g., § 218 ["Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article."]; Bus. & Prof. Code, § 17070 ["Any person... may bring an action to enjoin and restrain any violation of this chapter and, in addition thereto, for the recovery of damages."]; Civ. Code, § 1748.7, subd. (d) ["Any person injured by a violation of this section may bring an action for the recovery of damages, equitable relief, and reasonable

12

**DEFENDANTS RODERICK C. FLINT AND JOSHUA M. FINE NOTICE OF MOTION AND MOTION TO DISMISS**

attorney's fees and costs."]. If, however, a statute does not contain such obvious language, resort to its legislative history is next in order. *Moradi-Shalal*, supra, 46 Cal.3d at pp. 300-301; see *Crusader,* supra, 54 Cal.App.4 th at pp. 133-134, 136 [relying on principles of general statutory interpretation].

In this action, Labor Code Section 558.1 does not authorize a private right of action in the statute itself. Therefore, this leads us to the principle of "general statutory interpretation". If one reads the Legislative Counsel's Digest of Senate Bill No. 588, Chapter 803 which is about Labor Code Section 558.1 it states that: "This bill would authorize the <u>Labor Commissioner</u> to provide for a hearing to recover civil penalties against any employer or other person acting on behalf of an employer, as defined, for a violation of those provisions regulating hours and days of work in any order of the Industrial Welfare Commission, as specified. This bill would provide that any employer or other person acting on behalf of an employer, as defined, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, other related provisions of law is authorized to be held liable as the employer for such violation."

From the legislative history, Labor Code section 558.1 does not confer a private right to sue an individual for an employer's wages in state court. See *Carranza v. South San Francisco Tire Service, Inc*. 2017 WL 1036098 (March 8, 2017) [The enforcement provision under section 558(a) must be brought through the Labor Commissioner, citing, *Ruiz v. Paladin Group, Inc*., 2003 WL 22992077 at *3, (C.D. Cal., Sept. 29, 2003). Thus, the Court found that Plaintiff failed to allege facts to support Defendant's individual liability for the wage claims.]

This position is consistent with long standing case law and Supreme Court decisions that individuals cannot be personally liable for the wages of their employers. Although the legislature has carved out a very limited exception to make individuals personally liable under certain circumstances, a litigant can only

13

do so before the Labor Commissioner - not in Court.

Thus, for the purposes of the California Labor Code, courts are instructed to use the definition of 'employer' found in the Industrial Welfare Commission's wage orders. Accordingly, an 'employer' is any person or legal entity 'who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person.' " *Peter Chen v. Saint Jude Medical, LLC*, No. 17-CV-00143, 2017 WL 1289822, *3 (C.D. Cal. Apr. 5, 2017) citing *Cordell v. PICC Lines Plus LLC,* No.16-CV-1814-TEH, 2016 WL 4702654, at *8-9 (N.D. Cal. Sept. 8, 2016) ("Plaintiff ... has no private right of action directly under the Labor Code for violation of section 1174(d).") .  The amended complaint contains no allegations to support individual liability under Labor Code Section 558.1; *Ross v. Morgan Stanley Smith Barney*, LLC, 2013 WL 865598, at *102, 5 (C.D. Cal. March 7, 2013) (noting that "individual corporate agents acting within the scope of their agency are not liable as 'employers' for purposes of a section 1194 [overtime] action.)

Plaintiffs cannot plead any wage and hour claims against Individual Defendants for the employer's alleged failure to pay Plaintiffs wages. Hence, the motion to dismiss should be granted without leave to amend as to individual Defendants.

**F. <u>Plaintiffs Fail To Sufficiently Plead Individual Liability Under the FLSA.</u>**

Plaintiffs' Sixth Cause of Action alleges individual liability under the FLSA. However, Plaintiffs do not properly plead individual liability.

The FLSA defines the term "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). To be held liable under the FLSA as an employer, an individual must have operational control of "significant aspects of the corporation's day-to-day functions." *Lambert v. Ackerley*, 180 F.3d 997, 1001-02, 1012 (9th Cir. 1999);

14

*Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983) (requiring "control over the nature and structure of the employment relationship" or "economic control"). In FLSA cases "where courts have found corporate officers and board members liable as employers, the individuals had at least some degree of involvement in supervising employees, controlling work schedules, and setting wages." *Lopez v. G.A.T. Airline Ground Support, Inc*., Case No. 09-CV-2268-IEG (BGS), 2010 U.S. Dist. LEXIS 73029, at * 29 (S.D. Cal. July 19, 2010).

Plaintiffs state generally that defendants Flint and Fine were individuals "with responsibility for the Production on which Plaintiffs provided services." (SAC ¶¶5 and 6.) Plaintiffs allege that Individual Defendants supplied one or more crewmembers with credit and/or debit cards so the crewmembers might use the cards to make purchases. Furthermore, Plaintiff Mousseau received payment for certain services in connection with the Production from Defendant Flint's personal checking account. (SAC ¶7.). These allegations are not sufficient to connect the Individual Defendants to hiring or firing decisions, supervision, pay rates, pay methods, or maintenance of records.

Such bare general allegations of "responsibility for the Production" do not provide the level of factual specificity required to survive a motion to dismiss. In *Tracy v. NVR, Inc*., 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009), the court granted a Rule 12(b)(6) motion to dismiss FLSA claims against an individual defendant where the plaintiffs alleged no facts regarding defendant's involvement in the "hiring and/or firing processes or record-keeping policies," and offered only "attenuated" allegations that the individual defendant's "exercise of his supposed policy-setting powers as the Director of Human Resources in some way 'support[ed],' or indirectly impacted" the individual defendant's "level of control, if any, over their work schedules, conditions of employment, and compensation." *Id*. "[M]ere boilerplate allegations. . . without any supporting details . . . are

15

**DEFENDANTS RODERICK C. FLINT AND JOSHUA M. FINE NOTICE OF MOTION AND MOTION TO DISMISS**

insufficient to raise plaintiffs' right to relief 'above a speculative level' under the FLSA." *Id.*; see also *Hernandez v. Hillsboro Enterprises, Inc.*, 2013 WL 5427996, at *6 (D. Nev. Sept. 26, 2013). Accordingly, Plaintiffs' federal claims should be dismissed as to each of the Individual Defendants.

### G. Leave to Amend

"Generally [Federal Rule of Civil Procedure] 15 advises the court that 'leave shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.' " *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) (per curium) (quoting *Owens v. Kaiser Found Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Court, however, may deny leave to amend if plaintiff has repeatedly failed to cure deficiencies or if amendment would be futile. See *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041–42 (9th Cir. 2015).

The court should withhold leave to amend for the causes of action against the Individual Defendants that do not recognize a private cause of action. It would be impossible for the Court to award Plaintiff relief under causes of action that California does not recognize. Moreover, Plaintiffs unilaterally filed a First Amended Complaint in an effort to add all allegations in support of their claims against Individual Defendants. Thereafter, Plaintiffs filed a Second Amended Complaint. The Court therefore should dismiss all claims against Individual Defendants because Plaintiffs, despite three attempts, did not allege sufficient facts to state plausible claims for relief.

### IV. CONCLUSION

Based on the foregoing, (i) Plaintiffs' state law claims in the first, second, third and fourth causes of action against the Individual Defendants must be dismissed as a matter of law with prejudice; and (ii) Plaintiffs' FLSA claim in the seventh cause of action against the Individual Defendants must be dismissed for insufficient pleading.

16

**DEFENDANTS RODERICK C. FLINT AND JOSHUA M. FINE NOTICE OF MOTION AND MOTION TO DISMISS**

1    DATED:  November 28, 2017          **LeClairRyan, LLP**

2

3                                          By: _____

4                                              Brian S. Inamine

5                                              Vickie V. Grasu
                                               Attorneys for Defendants
6                                              BURNT ENDS, LLC, RODERICK C.
                                               FLINT AND JOSHUA M. FINE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS RODERICK C. FLINT AND JOSHUA M. FINE NOTICE
OF MOTION AND MOTION TO DISMISS**